FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/7/2024 5:27 PM
JAMIE SMITH
DISTRICT CLERK
24DCCV0217

NO._____

| | | |
|---|---|---|
| MICHAEL ROBINSON and | § | IN THE DISTRICT COURT OF |
| LAYO ROBINSON | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ASHLAND INC. and | § | |
| LION ELASTOMERS, LLC. | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MICHAEL ROBINSON and LAYO ROBINSON, Plaintiffs in the above styled and numbered cause of action, and files this their Original Petition complaining of ASHLAND INC. and LION ELASTOMERS, LLC, and in support of said cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Discovery in this matter is intended to be conducted under Level 3 as set out in Texas Rule of Civil Procedure 190.4.

### II.
### PARTIES

Plaintiff, MICHAEL ROBINSON AND LAYO ROBINSON, are individuals residing in Dickinson, Galveston County, Texas. The last three digits of Plaintiff's, MICHAEL ROBINSON, driver's license number are 657. The last three digits of Plaintiff's, MICHAEL ROBINSON, social security number are 832. The last three digits of Plaintiff's, LAYO ROBINSON, driver's license number are XXX. The last three digits of Plaintiff's, LAYO ROBINSON, social security number are XXX.

Defendant, ASHLAND INC., is a Foreign For-Profit Corporation., with the right to

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
03/14/2024
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

transact business in the State of Texas. ASHLAND INC. may be served with process to its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, Lion Elastomers, LLC is a Delaware corporation with the right to transact business in the State of Texas. Lion Elastomers, LLC may be served with process to its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.
### VENUE

Venue is appropriate in Jefferson County, Texas pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 15.001-15.003. More specifically, venue is proper in Jefferson County, Texas because all or a substantial part of the events or omissions made the basis of Plaintiff's claims in this action occurred in Jefferson County, Texas. See TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

Plaintiff seeks relief within the jurisdiction limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### IV.
### NATURE OF THE CASE

Defendant ASHLAND INC. sold its elastomers business and 250-person manufacturing facility in Port Neches to LION ELASTOMERS on December 31, 2014.

Plaintiffs were independent contractors contracted by Defendants. Plaintiffs' companies, Plant Solutions, LLC, L & M Plant Solutions, LLC, and Gulfcoast Trinity Environmental & Plant Solutions, LLC serviced the Defendants in the Master Service Agreement on behalf of the Plaintiffs.

Plaintiffs would show that they entered into a contract with Defendant, ASHLAND INC.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
03/14/2024
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

2

regarding submitting workers to them. Once the Plaintiffs told the Defendants that they were going to a HUD designated business, Defendants did not provide any further jobs and led to them breaching this agreement. Defendants did not perform their obligations detailed in the Master Service Agreement. Plaintiffs have been damaged by incurring expenses associated with their performance.

## V.
## BREACH OF FIDUCIARY DUTY

Defendants owed Plaintiffs a fiduciary duty arising out of trust and confidence premised on the Master Service Agreement entered into both parties in which such a duty existed. Defendants breached her fiduciary duty by not sending work projects to the Plaintiffs.

The harm that resulted for which Plaintiffs, seeks recovery is for the mental anguish as damages, as a foreseeable result of the breach of fiduciary duty. *Douglas v. Delp*, 987 S.W.2d 879, 884 (Tex. 1999).

These actions were taken by Defendants, intentionally, and with malice, such that Defendants is liable for exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code.

## VI.
## BREACH OF CONTRACT

Restating all previous allegations, Plaintiffs would show that the acts and omissions of the Defendants constitute a breach of the Defendants contractual obligations, which breach has resulted in certain damages sustained by Plaintiffs, both direct and consequential, in a sum in excess of the minimum jurisdictional limits of this Court for which Plaintiffs herein sues.

Restating all previous allegations, Plaintiffs would show that the acts and omissions of the Defendants detailed hereinabove constituted breach of the Defendants' contractual

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
03/14/2024
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

obligations to the Plaintiffs as detailed in that certain retail installment contract-sales and credit agreement entered into between Plaintiffs and Defendants. Plaintiffs would show that the breach of the Defendants' contractual obligations was a producing and/or proximate cause of substantial damages in excess of the minimum jurisdictional limits of this Court for which Plaintiffs herein sue.

The Plaintiffs allege that Defendants did not perform the contract. The Plaintiffs also allege that the nonperformance was of such a substantial or material nature that it relieved their further performance. This breach by Defendants occurred before any breach by the Plaintiffs.

Plaintiffs allege that the foregoing acts and omissions, among others, on the part of Defendants breached duties owed by the Defendants to Plaintiffs, and that the breaches were a proximate cause of the Plaintiffs' damages. Plaintiffs further allege that the acts and/or omissions are such that would not ordinarily occur in the absence of negligence, and that the instrumentality causing such injury was at all relevant times under the management and control of the Defendants. Plaintiffs would show that the damages proximately caused by the acts and omissions of the Defendants have resulted in damages to Plaintiffs in a sum far in excess of the minimum jurisdictional limits of this Court for which Plaintiffs herein sues.

## VII.
## **SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866**

Defendants acknowledged the Plaintiffs' company, and a business agreement was made for Plaintiffs to provide a service at the Defendants' facility. Defendants discriminated against the Plaintiffs on the basis of their race and color and has a history of discriminating against individuals based on their race and color. Defendants stopped communicating with the Plaintiffs after they found out about the company's characteristics and how they qualified as a historically underutilized business. Plaintiffs were the only Black/African American company contracted at

4

that location, and once they disclosed they were adding the credentials of a minority-owned female company, Defendants stopped all lines of communication with Plaintiffs. Further, the contract was terminated on the basis of racially motivated retaliation.

## VIII.
## DAMAGES

Plaintiffs seek damages against Defendants to the fullest extent allowed by law.

Plaintiffs have suffered and continue to suffer damages in an exact amount to be proven at trial, but that are in excess of $250,000.00 but less than $1,000,000.00.

As a direct and proximate result of Defendants' conduct, Plaintiffs suffered the following injuries and damages:

a.  Severe loss of earnings.

b.  Severe damage to earning capacity.

c.  Severe and continuing damage to Plaintiffs' reputation.

d.  Severe and continuing mental anguish, emotional pain, suffering, loss of enjoyment of life, and inconvenience in the past, present and future.

e.  Severe damage to pension and retirement benefits will have a negative effect on the rest of their career and life.

f.  An amount for his actual and compensatory damages, general damages, and special damages, to the fullest extent allowed by law.

g.  An additional amount as exemplary and punitive damages because the conduct of Defendants described above was taken and carried out with actual malice, ill will and spite toward Plaintiffs, and the desire to inflict injury and damage upon Plaintiffs without any cause or excuse, and thus Plaintiffs are entitled to recover exemplary and punitive



I CERTIFY THIS IS A TRUE COPY
03/14/2024
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

damages to punish Defendants for their wrongful conduct and to prevent and deter others with similar inclinations from committing similar acts.

## IX.
## ATTORNEY'S FEES

It was necessary for Plaintiffs to hire the undersigned attorney to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs.

## X.
## JURY DEMAND

Plaintiffs demand that this Court empanel a lawful jury to hear this case.

## XI.
## RESERVATION OF RIGHTS

Plaintiffs specifically reserve the right to bring additional causes of action against Defendants and to amend this Petition as necessary.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that upon a jury trial hereof, this Court grant him the following relief:

a. Lost past wages and benefits from Defendants;

b. Lost future wages and benefits from Defendants;

c. All actual damages, compensatory damages, general damages, special damages, and punitive damages as allowed by law from Defendants;

d. Monetary relief in the fullest amount allowed by law;

e. Judgment against Defendants for all other relief, legal or equitable, to which Plaintiffs deem themselves entitled; and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
03/14/2024
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

6

f.  Plaintiffs further seeks pre- and post-judgment interest, costs of court, attorney's fees, expert fees, and litigation expenses for trial and appeal from Defendants.

Respectfully submitted,

Brandon P. Monk
4875 Parker Drive
Beaumont, Texas 77705
Phone:  (409) 724-6665
Fax:      (409) 729-6665
brandon@themonklawfirm.com

By:     /s/ *Brandon P. Monk*
        BRANDON P. MONK
        State Bar No. 24048668

ATTORNEY FOR PLAINTIFFS



7

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ednesha Cook on behalf of Brandon Monk
Bar No. 24048668
ecook@themonklawfirm.com
Envelope ID: 84270948
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 2/8/2024 8:00 AM CST

Associated Case Party: LayoRobinson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Melissa LeJeune | | mlejeune@themonklawfirm.com | 2/7/2024 5:27:38 PM | SENT |
| Brandon P.Monk | | brandon@themonklawfirm.com | 2/7/2024 5:27:38 PM | SENT |
| Ednesha Cook | | ecook@themonklawfirm.com | 2/7/2024 5:27:38 PM | SENT |



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
03/14/2024
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

Certified Document #13193409.  7 pages.

In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@jeffcotx.us



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

03/14/2024
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS